ROGERS, J.
Plaintiff, as the holder of more than 25 per cent, of the amount of bonds or mortgage notes of the defendant corporation, brings this suit to obtain judgment for the amount of the past-due coupons attached to his said bonds or notes, with recognition of the mortgage on the lands described in the act.
Defendant excepted on the ground that plaintiff “is not authorized to bring this suit, and is without right to enforce, as against exceptor, the mortgage referred to in his petition.” The exception was sustained, and plaintiff appealed.
the judgment of the lower court is correct. The mortgage was in favor of the Interstate Bank & Trust Company of New Orleans as fiduciary trustee. The act of mortgage (paragraph 5) stipulates that no holder of any principal note or coupon shall have any right to institute suit for the foreclosure of the mortgage, or to use any other remedy provided therein without first giving, to the trustee written notice of the fact that default had occurred, nor unless, also, the holders of 25 per cent, in amount of the notes or bonds then outstanding shall have made written request to said trustee, and shall have afforded to said trustee reasonable opportunity to institute such suit in its own name.
On trial of the exception it was shown that neither plaintiff nor any other bondholder had previously requested the trustee to foreclose the mortgage, or to take any other action with respect thereto, or to declare any default thereunder.
Plaintiff argues that the instrument of mortgage is a common-law deed and trust, *244 purely and simply, which under the settled jurisprudence of this state must be interpreted and given effect as a conventional mortgage, and that, accordingly, he1, as the holder of notes or bonds secured thereby, may proceed in his own right, and independently of any action by the trustee or any other note or bond holders in conjunction with him, to enforce the obligations of the mortgage contract. He insists that he is not foreclosing his mortgage, but is proceeding via ordinaria for the recognition thereof.
The authorities cited and relied upon to support plaintiff’s argument are cases heard and determined prior to the year 1914. In that year the Legislature enacted a statute (Act No. 72 of 1914) expressly authorizing the execution of conventional mortgages to fiduciary trustees to secure payment of two or more notes, bonds, or obligations. The mortgage contract under consideration here appears to have been entered into with respect to and under the authority of this statute. It is therefore not only not in opposition to the laws of the state, but, on the contrary, is in accord therewith.
The right to foreclose, by the mortgage contract, is restricted to the trustee, with the reserved right to the note holders to act only when the trustee, upon reguest by them, fails so to do. Plaintiff, as the holder of notes and coupons under the provisions of the mortgage contract, is a party thereto and bound thereby. It is shown by the evidence that plaintiff, not only failed to give the trustee notice of the mortgagor’s default, but he proceeded to act judicially without the trustee’s knowledge or consent.
It is a matter of no moment that plaintiff has attempted to enforce his rights via ordinaria rather than via executiva. If plaintiff should obtain judgment, with recognition of his mortgage, the ultimate result must be a sale of the property to satisfy the judgment.
Plaintiff further contests the right of the mortgagor to defend the suit. His argument is that the mortgagor cannot champion the rights of the trustee, and that defendant, whd is obligated to pay the amount of the mortgage on which default has occurred, is not concerned whether the mortgage be enforced by the trustee or by the plaintiff. A number of authorities are cited in support of the contention.
The cases relied upon are inapplicable. They are all cases upholding the doctrine that the maker of a promissory note is without interest to show that the holder is not the true owner unless he can establish the assignment or transfer to be fictitious and fraudulent, and made for the purpose of depriving him of a substantial defense against the true owner. That is not the issue here.
The question raised by defendant’s exception is not as to plaintiff’s ownership of the coupons sued on, but as to his right or capacity to sue as an individual note or bond-/ holder under the express stipulations of the mortgage contract itself.
While it is true defendant is obligated to discharge the mortgage debt, it can only be compelled to do so in accordance with the terms of the contract. It is expressly stipulated in the act of mortgage that its foreclosure and. all other litigation connected with the trust shall be primarily in the hands of the trustee as the representative of all the bondholders. It is only upon the trustee’s failure to act, after having been requested so to do, that the bondholders are authorized to proceed independently to enforce their mortgage rights. Certainly the defendant has an interest to demand that the rights and remedies which it granted be asserted by the one and in the manner and form agreed to by all parties to the instru-' ment. Moreover, defendant has an interest to protect its equity in the mortgaged property by requiring the foreclosure to be had *246 in one proceeding to which all the bondholders shall be parties, through the trustee, thereby preventing the dissipation of said equity by the unnecessary and burdensome costs and charges of independent suits by the individual bondholders.
Judgment affirmed.