SHEPHERD v. HIGHLAND BAPTIST CHURCH OF SHREVEPORT.*
No. 4820.

Court of Appeal of Louisiana.
Second Circuit.
June 29, 1934.

Frank A. Blanchard and C. L. Mayer, both of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook and Smitherman & Smitherman, all of Shreveport, for appellee.

DREW, Judge.

Plaintiff, in her petition, set out the following for a cause of action:

"1. That the Highland Baptist Church of Shreveport, Louisiana, a religious corporation organized under the laws of the State of Louisiana, with its domicile in Shreveport, Louisiana, is legally and justly indebted unto your petitioner in the full sum of $1,500.00, with 6% per annum interest thereon, together with 10% on said principal and interest as attorney's fees, as is hereinafter shown.

"2. Petitioner shows that she is the holder and owner before maturity of seven third mortgage 6% gold bonds, Series 'C', numbering from C-73 to C-79, inclusive, for the sum of $100.00 each, which were due and payable on August 1, 1931, and your petitioner is accordingly due the sum of $700.00, as is represented by said bonds, with 6% per annum in-

terest thereon from August 1, 1931, until paid, together with 10% on said interest and principal as attorney's fees.

"3. Petitioner shows further that she is the holder and owner before maturity of eight third mortgage 6% gold bonds, Series 'C', numbering C–100 to C–107, inclusive, for the sum of $100.00 each, which bonds were due and payable August 1, 1932; that said bonds bear interest at the rate of 6% from August 1, 1931, until paid, together with 10% on said principal and interest as attorney's fees.

"4. Petitioner shows that she is the holder and owner of said above described bonds, which are attached hereto and made a part of this suit, and special reservation is made herein to your petitioner the holder of said bonds to sue and claim such liens and privileges as she may have under the mortgage herein and the bond as recorded in Mortgage Book 106, page 68, Mortgage Records of Caddo Parish, Louisiana, and it is further specially reserved to your petitioner to execute and exercise all of the rights and privileges she may have under said bonds hereinbefore referred to and making no waiver under the terms thereof, but reserving all of her legal rights.

"5. Petitioner alleges amicable demand in vain.

"Wherefore, premises considered, petitioner prays for service and citation hereof on the Highland Baptist Church of Shreveport, Louisiana, and that after legal delays and hearing had, she have judgment against said Highland Baptist Church in the full sum of $1500.00, with 6% per annum interest thereon from August 1, 1931, until paid, together with 10% on said principal and interest as attorney's fees.

"Petitioner further prays that her rights, liens and privilege as a bondholder of the bonds herein sued on be specially reserved.

"Petitioner further prays for judgment covering costs of these proceedings and for all other orders necessary, and for general and equitable relief."

Defendant prayed for oyer of the bonds, which prayer was allowed, and the bonds filed. Defendant then prayed for oyer of the bond mortgage, which was allowed, and the mortgage filed. It then filed an exception of no cause or right of action. The lower court sustained the exception of no cause of action, and plaintiff has appealed to this court.

The following stipulation is found in each of the fifteen bonds: "All of said bonds of Series A, B, and C are issued or authorized to be issued under and in pursuance of and are secured by an act of mortgage with which this bond is paraphed for identification executed and delivered by the undersigned to the Commercial National Bank of Shreveport, Louisiana, as Trustee, before Frank M. Cook, Notary Public in and for the Parish of Caddo, State of Louisiana, bearing upon certain property of the undersigned therein described situated in the City of Shreveport, Louisiana, to which said mortgage reference is made for a more complete statement of the nature and extent of the security thereunder, rights of the holders of the said bonds and the terms and conditions upon which the said bonds are authorized to be issued and are to be issued."

And the following stipulation is found in the mortgage: "Section 1. No holder or holders of any of the bonds or coupons hereby secured shall have the right to institute any suit, action or proceeding at law or in equity upon or in respect to this mortgage, or any bonds or coupons secured hereby or for the execution of any trust or power hereof or for any other remedy under or upon this act unless such holder or holders shall have previously given to the Trustee written notice of an existing default, and of the continuance thereof as hereinabove provided; nor unless also the holders of 25% or more in amount of the bonds hereby secured and then outstanding shall have made written request upon the Trustee, and shall have accorded it reasonable opportunity, itself, to proceed to exercise the powers hereinabove granted, or to institute such action, suit or proceeding in its own name, nor unless he or they shall have also offered to the Trustee adequate security and indemnity satisfactory to the Trustee against the costs, expenses and liabilities to be incurred therein and thereby."

The above-quoted provisions make clear what was required of plaintiff before filing suit, namely:

(1) Written notice to the trustee of existing default.

(2) Written request of the holders of 25 per cent. or more of the bonds then outstanding upon the trustee and reasonable time thereafter for the trustee to institute a suit.

(3) The offer to the trustee by those desiring the institution of suit of adequate security against costs, expenses, etc.

Plaintiff does not contend that she complied with any of the three requirements and takes the position that since she is not attempting to foreclose on the mortgage, but only asking for a personal judgment with reservation of her rights under the bonds and

mortgage, the stipulations in the bonds and mortgage are not applicable to her case. If she should secure judgment, she could execute it by having the property under mortgage sold at public sale. She is therefore attempting to do indirectly that which she is prohibited by contract from doing directly.

The mortgage and bonds are authorized by Act No. 72 of 1914, and the decision in the case of Rowe v. Louisiana Agricultural Corporation, 155 La. 241, 99 So. 206, fully discusses and decides the question presented here. This case was not cited by either counsel for the defense or plaintiff, and we presume they were not familiar with the holding of the court in that case. It is unnecessary for us to quote from that case, as it fully covers the point and the question before us now.

The judgment of the lower court is correct, and is affirmed, with costs.